PD-1539-14 & PD-1540-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/9/2015 3:28:42 PM
Accepted 3/10/2015 9:43:27 AM
ABEL ACOSTA
CLERK

NO. PD-1539-14
NO. PD-1540-14

# IN THE TEXAS  COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| NICHOLAS JARED MIRELES | § | APPELLANT |
| | § | |
| V. | § | |
| | § | |
| STATE OF TEXAS | § | APPELLEE - STATE |

## NO. 14-13-00333-CR and NO. 14-13-00334-CR

### FROM THE COURT OF APPEALS FOR THE
### FOURTEENTH  JUDICIAL DISTRICT OF TEXAS

### APPEAL FROM THE 176TH JUDICIAL DISTRICT COURT
### HARRIS COUNTY, TEXAS
### TRIAL COURT NOS.  1281111 & 1288900

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 10, 2015

ABEL ACOSTA, CLERK

**SCHNEIDER & MCKINNEY, P.C.**
**W. TROY MCKINNEY**
**Texas Bar No. 13725020**
**440 Louisiana, Suite 800**
**Houston, Texas 77002**
**(713) 951-9994**
**(713) 224-6008 (FAX)**
**E-mail: wtmhousto2@aol.com**

**ATTORNEY FOR APPELLANT**

## Identity of Parties and Counsel

The following is a complete list of all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel:

| | | |
|---|---|---|
| Nicholas Jared Mireles | - | Appellant. |
| State of Texas | - | Appellee. |
| W. Troy McKinney<br>440 Louisiana, Suite 800<br>Houston, Texas 77002 | - | Appellant's retained counsel at trial. |
| Dan Cogdell<br>402 Main, 4th Floor<br>Houston, Texas 77002 | - | Appellant's retained counsel at trial. |
| Todd R. Keagle<br>Allison Baimbridge<br>1201 Franklin<br>Houston, Texas 77002 | - | Assistant District Attorneys at trial. |
| W. Troy McKinney<br>440 Louisiana, Suite 800<br>Houston, Texas 77002 | - | Appellant's retained counsel on appeal. |
| Devon Anderson<br>1201 Franklin<br>Houston, Texas 77002 | - | District Attorney on appeal. |
| Melissa P. Hervey<br>1201 Franklin<br>Houston, Texas 77002 | - | Assistant District Attorneys on appeal. |
| Hon. Leslie Brock Yates<br>Hon. Stacy W. Bond | - | Trial Judges. |

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement Concerning Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ground for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Reason for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument and Authorities for Granting Review. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Appendix. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# Table of Authorities

## Cases

*Baker v. State*,
    11 Tex. Crim. 262 (1881). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ex parte Davis*,
    506 S.W.2d 882 (Tex. Crim. App. 1974). . . . . . . . . . . . . . . . . . . . . . . 8

*Green v. State*,
    706 S.W.2d 653 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . 4, 11, 14

*Guthery v. Taylor*,
    112 S.W.3d 715
    (Tex. App.-Houston [14th Dist.] 2003, no pet.). . . . . . . . . . . . . . . . . . . 10

*Hannan v. State*,
    7 Tex. Crim. 664 (1880). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kesaria v. State*,
    148 S.W.3d 634
    (Tex. App.-Houston [14th] 2004),
    *aff'd*, 189 S.W.3d 279, 282-283 (Tex. Crim. App. 2006).. . . . . . . . . . . . . 6

*Kesaria v. State*,
    189 S.W.3d 279 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . 3, 6

*LaPorte v. State*,
    840 S.W.2d 412 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . passim

*Lechuga v. State*,
    532 S.W.2d 581 (Tex. Crim. App.1975).. . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

*Nicholas v. State*,
    56 S.W.3d 760
    (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). . . . . . . . . . . . . . . . . . 8

*Pettigrew v. State*,
　　48 S.W.3d 769 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 14

*Prince v. State*,
　　44 Tex. 480 (1876). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Speth v. State*,
　　6 S.W.3d 530 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Tapps v. State*,
　　294 S.W.3d 175 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wiltz v. State*,
　　863 S.W.2d 463 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

**Statutes and Rules**

Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏ.
　　art. 42.08. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
　　art. 42.08(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
　　art. 42.08(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
　　art. 42.08(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tᴇx. Gᴏᴠ'ᴛ Cᴏᴅᴇ § 311.011(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tᴇx. Pᴇɴ, Cᴏᴅᴇ

　　§ 3.03. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
　　§ 3.03(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 13
　　§ 3.03(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11, 13
　　§ 49.07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
　　§ 49.07(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
　　§ 49.08. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
　　§ 49.08(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. P.

§ 4.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 9.4 (i) (2) (D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

§ 66.3 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 66.3 (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

§ 66.3 (d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

§ 68.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16

**Other**

Act of May 31, 1997,
75th Leg., R.S., ch. 667,
§ 7, 1997 Tex. Gen. Laws 2250, 2252 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

House Committee on Criminal Jurisprudence,
Bill Analysis, Tex. H.B. 554,
70th Leg., R.S. (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Statement Regarding Oral Argument

Appellant requests oral argument. Not only does this case presents a statutory interpretation issue never before directly decided by this Court – whether a suspended or probated sentence from an intoxication assault conviction may be ordered to run consecutively to a prison sentence from an intoxication manslaughter conviction -- it also involves a variety of subsidiary issues relevant to the ultimate issue that have long since been decided by this Court. The court of appeals' opinion departs from many of this Court's prior decisions with respect to the issues relevant to this case. As this case involves an important issue of state law and statutory interpretation, oral argument would be of benefit to this Court.

**To the Honorable Judges of the of the Court of Criminal Appeals:**

Pursuant to TEX. R. APP. P. 68.1 Appellant presents this petition for discretionary review.

## Statement of the Case

Appellant was charged by indictment in cause number 1281111 with the second degree felony offense of intoxication manslaughter,[1] and in cause number 1288900 with the third degree felony offense of intoxication assault,[2] both alleged to have occurred on October 10, 2010.  CR-1288900-7; CR-1281111-14.  Appellant pled guilty to the jury.  4RR15-16.  The jury found him guilty of both charges and assessed punishment at four years imprisonment for the intoxication manslaughter conviction, and seven years imprisonment, probated, for the intoxication assault conviction.  CR-1288900-162; CR-1281111-121.  The trial court ordered the probation term (of seven years) to run consecutively with the prison term.  5RR210.  Appellant filed a motion for new trial and a motion to modify and correct the judgment in cause number 1288900, which were denied following a hearing.  CR-1288900-178-179; 7RR5-6.  Appellant filed timely written notice of appeal.  CR-1288900-171.

---

[1] TEX. PENAL CODE ANN. § 49.08(a) (West Supp.2010).
[2] TEX. PENAL CODE ANN. § 49.07(a) (West Supp. 2010).

1

## Statement of Procedural History

The court of appeals issued its decision on August 21, 2014.  On December 2, 2014, the court of appeals granted Appellant's TEX. R. APP. P 4.5 motion for additional time to file a motion for rehearing.[3]  Appellant's motions for rehearing was timely filed on December 17, 2014 and overruled on January 6, 2015.  Pursuant to this Court's order, this petition is due not later than March 9, 2015.  A copy of the court of appeals opinion is attached as an Appendix.

## Ground for Review

> The Court of Appeals erred in holding that TEX. PEN. CODE § 3.03 allowed the trial court to order that the suspended sentence for the intoxication assault conviction would be consecutive to the prison sentence for the intoxication manslaughter conviction.

## Reasons for Review

This Court should grant review pursuant to TEX. R. APP. P. 66.3 (b) because the court of appeals decided an important question of state law that has not been, but should be, settled by this Court: to wit, whether TEX. PEN. CODE § 3.03 allows the

---

[3] Because of the time limits imposed by Rule 4.5 and because the court of appeals had not ruled on Appellant's motion by the deadline for filing a motion with this Court with respect to a petition for discretionary review, Appellant also filed a Rule 4.5 motion for additional time to file a petition for discretionary review with this Court.  This Court granted Appellant's motion.  The court of appeals thereafter granted Appellant's pending motion with respect to the motion for rehearing, rendering the motion to and order of this Court moot.

suspended (probated) sentence for the intoxication assault conviction to be stacked onto the prison sentence for the intoxications manslaughter conviction when "the accused [was] found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action" under § 3.03.

This Court should additionally grant review pursuant to TEX. R. APP. P. 66.3 (c) because the court of appeals decided an important question of state law in a way that conflicts with the applicable decisions of this Court; to wit, the court of appeals interpreted "sentence" in Tex. Pen Code § 3.03 to include a suspended or probated sentence contrary to this Court's decisions in **Lechuga v. State**, 532 S.W.2d 581, 582 (Tex. Crim. App.1975), **Wiltz v. State**, 863 S.W.2d 463 (Tex. Crim. App. 1993), **Speth v. State**, 6 S.W.3d 530, 535 (Tex. Crim. App. 1999), and **Kesaria v. State**, 189 S.W.3d 279, 282-283 (Tex. Crim. App. 2006), all of which held that an order suspending a sentence was not part of or a sentence.

This Court should additionally grant review pursuant to TEX. R. APP. P. 66.3 (d) because the court of appeals appears to have misconstrued a state statute: specifically, the court of appeals has misconstrued and misinterpreted TEX. PEN. CODE § 3.03 by holding that it allows a trial court to order a suspended sentence (probation) to run consecutively to completion or partial completion of a prison sentence when each offense arises out of the same criminal episode and both were

tried in a single criminal action.

This Court should additionally grant review pursuant to TEX. R. APP. P. 66.3 (c) and (d) because the court of appeals decision appears not only to have misconstrued a state statute, § 3.03, but has also done so in a way that conflicts with this Court's decisions in **LaPorte v. State**, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), **Green v. State**, 706 S.W.2d 653 (Tex. Crim. App. 1986), and **Pettigrew v. State**, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001), which together hold that § 3.03 is a limitation on a trial court's general power under TEX. CODE. CRIM. PRO. ART. 42.08 to cumulate sentences "imposed or suspended" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action" and that the general references to "punishment" or "sentence" in a statute do not include a suspended or probated sentence.

## Arguments and Authorities for Granting Review

This Court has never specifically addressed or decided whether TEX. PEN. CODE § 3.03(b), which allows "sentences" in intoxication manslaughter and intoxication assault cases arising from the same criminal episode and tried in the same criminal action to be cumulated, also allows a trial court to legally order that a suspended or probated sentence in one such case be served consecutively to a prison sentence in another such case. Nonetheless, this Court has decided many cases in

4

which the result of its decisions compel a conclusion contrary to that reached by the court of appeals.

As relevant to this case, § 3.03, titled Sentences for Offenses Arising Out of Same Criminal Episode, provides:[4]

> (a)  When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a **sentence** for each offense for which he has been found guilty shall be pronounced.  Except as provided by Subsection (b), the **sentences** shall run concurrently.
>
> (b)  If the accused is found guilty of more than one offense arising out of the same criminal episode, the **sentences** may run concurrently or consecutively if each **sentence** is for a conviction of:
>
>> (1)  an offense:
>>
>>> (A)  under Section 49.07 or 49.08,[5] regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections . . . .

While it is well established that sentences may either be imposed or suspended, it is just as well established that an order suspending or probating a sentence is not part of the sentence.  **Lechuga v. State**, 532 S.W.2d 581, 582 (Tex. Crim. App.1975) ("probation is no sentence at all"); **Wiltz v. State**, 863 S.W.2d 463 (Tex. Crim. App.

---

[4]  All emphasis is added unless noted otherwise.
[5]  TEX. PEN. CODE §§ 49.07 and 49.08 are, respectively, the Intoxication Assault and Intoxication Manslaughter statutes.

5

1993) (finding that five years "straight time" was not more severe than ten years in prison, probated because "[t]he order granting probation suspends the imposition of sentence until the probationer violates the terms of his probation or successfully completes the probationary period"); **Speth v. State**, 6 S.W.3d 530, 535 (Tex. Crim. App. 1999) ("community supervision is an arrangement in lieu of the sentence, not as part of the sentence"); **Kesaria v. State**, 148 S.W.3d 634, 643-44 (Tex. App.-Houston [14th] 2004), *aff'd*, 189 S.W.3d 279, 282-283 (Tex. Crim. App. 2006) (court of appeals held that conditions of community supervision could be cumulated because "community supervision is not part of the sentence. Rather, community supervision is the suspension of the sentence received by the defendant at trial" and this Court reiterated that community supervision is "an arrangement in lieu of the sentence, not as part of the sentence," and held that § 3.03 "applies to the trial court's discretion to cumulate sentences for multiple offenses," rather than conditions of probation. (emphasis in original)).

If only a "sentence" may be cumulated and when a "sentence" does not include an order suspending or probating a sentence, it naturally and logically flows from this Court's prior decisions that an order suspending a sentence, which is not part of the sentence, may not be ordered to run consecutively to an imposed sentence.

Despite the clear holdings of this Court's decisions in **Lechuga**, **Wiltz**, **Speth**,

6

and **Kesaria**, the court of appeals nonetheless construed "sentence" in § 3.03 to include a probated sentence.

Nonetheless, the trial court ordered and the court of appeals affirmed a cumulation order that provided that the seven year term of the suspension of the sentence (probation) for the intoxication assault conviction would be served consecutively to the imposed sentence of four years confinement in prison in the intoxication manslaughter conviction.

At its core, this case asks this Court to construe, declare, and decide the meaning of the terms and provisions of TEX. PEN. CODE. § 3.03. This is the quintessential important question of state law that the Rules of Appellate Procedure call upon this Court to decide for the enlightenment and guidance of the bench and bar of the State. Moreover, since it appears that the court of appeals has construed the statute in a way that conflicts with the prior decisions of this Court discretionary review is proper.

Issues of statutory construction are reviewed de novo. **Tapps v. State**, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). Under the canons of statutory construction, a reviewing court must construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended. *Id*. The court must focus on the literal text of

7

the statutory language, reading it in context and construing it according to grammar rules and common usage. *Id* (citing TEX. GOV'T CODE ANN. § 311.011(a)).

An improper cumulation order is, in essence, a void sentence, and such error cannot be waived." **LaPorte v. State**, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). A defect which renders a sentence void may be raised at any time. *Id.* A trial court abuse its discretion when it enters a cumulation order that is not in compliance with or authorized by the law. **Nicholas v. State**, 56 S.W.3d 760, 765 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd).

The discretion of a trial court to cumulate, or stack, a defendant's sentences is governed by statute. **Ex parte Davis**, 506 S.W.2d 882, 883 (Tex. Crim. App. 1974); TEX. CODE CRIM. PROC. ANN. art. 42.08 (a) (West Supp. 2011); TEX. PENAL CODE ANN. § 3.03 (Vernon Supp. 2012). Absent statutory authority, a sentencing court has no discretion to stack sentences. **Prince v. State**, 44 Tex. 480 (1876); **Hannan v. State**, 7 Tex. Crim. 664 (1880); **Baker v. State**, 11 Tex. Crim. 262 (1881).

When a defendant has been convicted in two or more cases, the trial court generally has the discretion, subject to limitations not relevant to this case, in the second and subsequent convictions, to order that the sentence imposed or suspended in the second or subsequent conviction run consecutively or concurrently to the sentence imposed or suspended in the prior conviction. TEX. CODE CRIM. PRO. ART.

42.08(a).

> (a) Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent **convictions** may either be that the sentence **imposed or suspended** shall begin when the judgment and the sentence **imposed or suspended** in the preceding **conviction** has ceased to operate, or that the sentence **imposed or suspended** shall run concurrently with the other case or cases, and sentence and execution shall be accordingly....

TEX. CODE CRIM. PRO. Art. 42.08(a) (emphasis added).[6]

However, "[t]he trial court's general authority under Article 42.08, V.A.C.C.P., to order consecutive sentences is statutorily limited by Section 3.03 [of the Texas Penal Code] whenever a single criminal action arising out of the same criminal episode occurs, whether based upon a single charging instrument or several charging instruments." **LaPorte v. State**, 840 at 415. This Court's decision in **LaPorte** is, of course, consistent with the plain language in the prefatory phrases in both § 3.03 (a) and (b), which provide for the scope of the applicability of § 3.03, when or if, respectively, "the accused is found guilty of more than one offense arising out of the same criminal episode. . . ."

There is no question in this case that "the accused [was] found guilty of more than one offense arising out of the same criminal episode." Likewise, and contrary

---

[6] Subsection (b) requires a cumulated sentence for an offense committed by a prison inmate, and subsection (c) prohibits stacking a prison sentence onto a suspended sentence. TEX. CODE CRIM. PROC. ANN. art. 42.08(b), (c).

to some of the alternative theories advanced by the court of appeals, there is no question -- at least none consistent with this Court's decisions -- that the terms of § 3.03 apply to this case. Because the stacking order challenged here arises from convictions arising from offenses from a single criminal episode prosecuted in a single criminal action, article 42.08 (a) is wholly inapplicable and § 3.03 controls completely. Any other decision is contrary to this Court's prior decisions and long established rules of statutory construction.

Absent from § 3.03 is any language permitting the cumulation of a "sentence imposed or suspended." In contrast to Article 42.08, which expressly permits a "sentence imposed or suspended" to be cumulated, 3.03 (b) states only that "sentences" may run consecutively. Accordingly, the plain language of § 3.03 does not authorize a sentencing court to stack a term of community supervision onto either a prison sentence, as in this case, or onto another term of community supervision.

Under the rules of statutory construction, "[w]hen the same or a similar term is used in the same connection in different statutes, the term will be given the same meaning in one as in the other, unless there is something to indicate that a different meaning was intended." **Guthery v. Taylor**, 112 S.W.3d 715, 721–22 (Tex. App.-Houston [14th Dist.] 2003, no pet.). The legislature's use of the term "sentence" in

section 3.03, as opposed to the phrase "sentence imposed or suspended" in article 42.08, indicates that a different meaning was intended.

If the legislature had intended to make suspended sentences eligible for cumulation under § 3.03 (a) or (b), as it expressly did in article 42.08, it presumably would have included the "imposed or suspended" language in 3.03 (a) or (b) – as it did in 42.08. That it did not do so is not only telling, but should be dispositive of the statutory interpretation.

The "imposed or suspended" language was added to article 42.08 in 1987, in response to **Green v. State**, 706 S.W.2d 653 (Tex. Crim. App. 1986), in which this Court was called upon to decide whether 42.08 (a) permitted trial courts to stack probationary sentences onto prison sentences. This Court in **Green** decided that the only punishment and sentence that the then existing article 42.08(a) permitted a trial court to cumulate upon a second or subsequent conviction when the preceding conviction ceased to operate was punishment and sentence by confinement in a prison or a jail. **Green** at 657.[7] Thus, as this Court has definitively held, absent express

---

[7] The prior version of Article 42.08 provided:

> When the same defendant has been convicted in two or more cases and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions

11

statutory authority allowing it, a cumulation order that stacks a suspended sentence on top of a prison term is unlawful and void.

This Court has since acknowledged that the "sentence imposed or suspended" language added to article 42.08 "appears very clearly designed to broaden a trial court's ability to stack sentences by affording the option of stacking periods of community supervision, or stacking a prison term and period of community supervision - an option that had not been present in the prior version of the statute." **Pettigrew v. State**, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001) (holding that for purposes of cumulation pursuant to article 42.08 (a), a conviction occurs when a sentence is either imposed or suspended); **see also** House Committee on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 554, 70th Leg., R.S. (1987) ("Amends Article 42.08, Code of Criminal Procedure to allow a judge to make sentences of probation as well as sentences of confinement either cumulative or concurrent").

If stacking a prison term and a period of community supervision was not an option under the prior version of article 42.08, in which the "sentence imposed or

---

may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

TEXAS CODE OF CRIM. PROC. art 42.08 (1965).

12

suspended" language was absent and only the terms "sentence" and "punishment" were used, then it is not an option under § 3.03 of the Penal Code. The exceptions listed in section 3.03 (b) were enacted in 1997, after article 42.08 was amended. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252. The legislature's omission of the "imposed or suspended" language in both 3.03(a) and particularly (b), after previously including it in another statute addressing the same subject, must be presumed intentional.

At the very least, these issues present an important issue of state law that should be directly decided by this Court. The court of appeals decision in this case cannot be reconciled with prior decisions of this Court with respect to the interpretation of § 3.03. Discretionary review is proper.

In its opinion, the court of appeals held. "[i]f "sentence" does not include community supervision, as appellant vigorously argues, then we cannot perceive how Section 3.03 would ever apply to his case. By default, the trial court's authority to stack would be governed by Article 42.08." Addressing this holding in the motion for rehearing, Appellant argued that because § 3.03 governs cumulation orders in all cases within the scope of § 3.03 (which includes any case and all cases in which "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action"), the only authority given to a trial

13

court is to cumulate the sentence, which does not include an order suspending a sentence, and that nothing in § 3.03 grants a trial court authority to cumulate the suspended portion of a sentence in such instances. Contrary to the court of appeals holding, nothing in § 3.03 even suggests, much less states, that suspended sentences in a case where "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action" are not within the scope of § 3.03 but are within the scope of Article 42.08. The court of appeals decision interpreted § 3.03 in a way that writes language into the statue not provided by the legislature and is contrary to this Court's decision in **LaPorte** that § 3.03 acts as a limitation to Article 42.08 any time "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action."

In reaching this extra-textual interpretation of § 3.03, the court of appeals has not only misconstrued and misinterpreted § 3.03, but has also done so in way that is contrary to this Court's holdings in **LaPorte**, **Green**, and **Pettigrew**. Discretionary review is proper both because the court of appeals has misconstrued and misinterpreted § 3.03, but has also because it has done so in way that is contrary to this Court's holdings in **LaPorte**, **Green**, and **Pettigrew.**

**Prayer**

Appellant prays that this Court grant his petitions for discretionary review, reverse the judgments of the court of appeals, and render a decision striking the cumulation order in cause number 1288900, or, alternatively, remanding to the trial court for entry of a new judgment without a cumulation order in cause number 1288900.

Respectfully submitted,

SCHNEIDER & MCKINNEY, P.C.

/s/ W. Troy McKinney
W. Troy McKinney
Texas Bar No. 13725020
440 Louisiana
Suite 800
Houston, Texas 77002
(713) 951-9994
(713) 224-6008 (FAX)
wtmhousto2@aol.com

ATTORNEY FOR APPELLANT

15

## Certificate of Service

Pursuant to TEX. R. APP. P. 9.5, a copy of this document has been served to the following attorneys for the State and the State Prosecuting Attorney by electronic service, as required by TEX. R. APP. P. 68.11, on March 9, 2015:

- Melissa P. Hervey
  Hervey_Melissa@dao.hctx.net

- Lisa C. McMinn
  information@spa.texas.gov

/s/ W. Troy McKinney
W. Troy McKinney

## Certificate of Compliance

I certify that this document was prepared with Word Perfect X3, and that, according to that program's word-count function, the sections covered by TEX. R. APP. P. 9.4 (I) (2) (D) contain 3028 words and less than the limit of 4500 words.

/s/ W. Troy McKinney
W. Troy McKinney

**Appendix**

Court of Appeals opinion submitted as an attachment to the electronic filing



In The

# Fourteenth Court of Appeals

---

NO. 14-13-00333-CR
NO. 14-13-00334-CR

---

**NICHOLAS JARED MIRELES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 1281111 & 1288900**

---

## OPINION

Appellant pleaded guilty in a consolidated trial to one count of intoxication manslaughter and one count of intoxication assault. The jury recommended four years' imprisonment on the first count and seven years' community supervision on the second. The trial court entered judgment accordingly, along with a stacking order providing that appellant could not begin his community supervision until he had completed his term of imprisonment. The only question on appeal is whether

the trial court erred by not ordering the community supervision to run concurrently with the prison sentence.

## Standard of Review

We review a trial court's stacking order for an abuse of discretion. *See Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008); *Harvey v. State*, 821 S.W.2d 389, 392 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). A trial court abuses its discretion when it fails to apply the law correctly or when no reasonable view of the record could support the trial court's decision. *See Nicholas v. State*, 56 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

A trial court's authority to stack is provided by statute. When interpreting a statute, we apply a de novo standard of review, mindful that our primary objective is to ascertain and give effect to the intent of the legislature. *See Nguyen v. State*, 359 S.W.3d 636, 641–42 (Tex. Crim. App. 2012). We focus on the literal text of the statute, applying the plain and ordinary meaning of the words that have been used, unless doing so yields an absurd result. *See* Tex. Gov't Code § 311.011; *Ex parte Ervin*, 187 S.W.3d 386, 388 (Tex. Crim. App. 2005). If the statute is clear and unambiguous, we must presume that the legislature meant what it expressed. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

## The Current Statutes

Two statutes govern the trial court's authority to stack. The first is Article 42.08 of the Texas Code of Criminal Procedure, which provides as follows:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c), in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence

2

imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly . . . .

When the exceptions are considered,[1] Article 42.08 effectively provides the trial court with three distinct options: (1) the court may impose sentences of confinement to be served either concurrently or consecutively; (2) the court may suspend sentences of confinement and order periods of community supervision to be served either concurrently or consecutively; or (3) the court may impose a sentence, suspend another sentence, and order the suspended sentence to run either concurrently with the imposed sentence or after the imposed sentence has ceased to operate.

The second statute, Section 3.03 of the Texas Penal Code, contains special stacking rules when the defendant is convicted of multiple offenses in a consolidated trial. In pertinent part, Section 3.03 provides as follows:

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(1) an offense:

(A) under Section 49.07 [intoxication assault] or 49.08 [intoxication manslaughter], regardless of whether the accused is convicted of violations of the same section

---

[1] Section (b) of Article 42.08 requires stacked sentences for certain inmate offenders. Section (c) states that a trial court may not stack a prison sentence on top of a period of community supervision; the prison sentence must always be imposed first.

more than once or is convicted of violations of both sections . . . .

Under the plain language of Section 3.03(a), a court must order a defendant's sentences to run concurrently when the defendant has been convicted of more than one offense in a consolidated trial. Section 3.03(b) restores the trial court's discretion to stack sentences, even when the offenses are tried together, if the resulting convictions involve certain enumerated offenses, such as intoxication assault and intoxication manslaughter.

## The History of the Statutes

When Article 42.08 was first enacted in 1965, it only gave the trial court the discretion to stack a defendant's "punishment."[2] The Court of Criminal Appeals construed this language narrowly in 1986 when, in *Green v. State*, it held that punishment did not include community supervision, and that a trial court did not have the authority to stack a probated sentence under the statute. *See* 706 S.W.2d 653, 657–58 (Tex. Crim. App. 1986).

The legislature amended Article 42.08 in response to *Green* by deleting all references to "punishment" and replacing them with "sentence imposed or

---

[2] The original text stated as follows:

> When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

Act effective Jan. 1, 1966, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 486–87.

suspended." *See* Act effective Aug. 31, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125, 2125. In its amended form, which is still in effect today, the statute plainly applies to community supervision. *See Pettigrew v. State*, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001) (stating that the legislature amended Article 42.08 to "broaden a trial court's ability to stack sentences by affording the option of stacking periods of community supervision").

When Section 3.03 was enacted in 1973, it contained virtually the same language as the current Section 3.03(a), but without any exceptions. *See* Act effective Jan. 1, 1974, 63d Leg., R.S., ch. 399, sec. 3.03, 1973 Tex. Gen. Laws 883, 891. No exceptions were added to Section 3.03 when Article 42.08 was amended in 1987. The first exception provision, Section 3.03(b), did not arrive until 1995, and it applied only in a narrow circumstance: when the defendant was convicted of more than one count of intoxication manslaughter. *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 596, § 1, 1995 Tex. Gen. Laws 3435, 3435. In 2005, the legislature expanded on this provision by including intoxication assault among the list of enumerated offenses subject to the exception. *See* Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 527, § 1, 2005 Tex. Gen. Laws 1429, 1429.

### *In Pari Materia*

When two statutes address the same general subject, they are considered as being *in pari materia*. *See State v. Vasilas*, 253 S.W.3d 268, 271 (Tex. Crim. App. 2008). All acts and parts of acts *in pari materia* must be read and construed together as though they were parts of one and the same law, even if they were enacted at different times. *Id.* Whenever possible, we must harmonize any conflict between the two statutes so that each is given effect. *Id.* at 272. If the statutes are irreconcilable, then we must apply the more "special" statute as an exception to the general one. *See* Tex. Gov't Code § 311.026.

5

Article 42.08 and Section 3.03 are *in pari materia* because they both govern the trial court's authority to order concurrent or consecutive sentences. *See Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006) ("[T]he Texas Legislature has assigned the decision to cumulate, *vel non*, in Section 3.03 of the Penal Code and Article 42.08 of the Code of Criminal Procedure, to the trial court."). Although they have their differences, the two statutes do not irreconcilably conflict. Article 42.08 is the more general statute, describing the trial court's broad authority to stack, regardless of whether the defendant was convicted in separate trials or in a consolidated trial. Section 3.03 is the more "special" of the two, applying specifically when sentences are imposed for more than one conviction obtained in a consolidated trial. In those circumstances, Section 3.03(a) operates as a limitation on the trial court's broad discretion, unless an exception applies under Section 3.03(b). *See LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) ("The trial court's general authority under Article 42.08, V.A.C.C.P., to order consecutive sentences is statutorily limited by Section 3.03 whenever a single criminal action arising out of the same criminal episode occurs . . . .").

### The Arguments of the Parties

Appellant asserts that Section 3.03(a) applies to the exclusion of Article 42.08 because both of his convictions were obtained in a consolidated trial. Appellant then argues that the trial court could not stack his community supervision on top of his sentence under the authority of Section 3.03(b) because that exception provision only uses the word "sentence." Appellant compares this term with the language of Article 42.08, which uses "sentence imposed or suspended." Citing *Green v. State* and other authorities, appellant argues that community supervision is not a sentence and that Section 3.03(b) does not apply.

6

The State agrees that Section 3.03 governs the outcome of this case, but the State focuses on Section 3.03(b) rather than Section 3.03(a). During oral argument, the State asserted that we should interpret Section 3.03(b) as applying to periods of community supervision because trial judges and other criminal practitioners have always understood the statute to operate in that manner. We are not aware of any cases since 1973, when Section 3.03 was first enacted, to state otherwise and expressly hold that the statute does *not* apply to community supervision. The State accordingly argues that the trial court's judgment should be affirmed because the court had the discretion to stack appellant's community supervision under the exception of Section 3.03(b).

## Analysis

We begin with the State's argument, which contends that the word "sentence" under Section 3.03 should be construed to include community supervision. The State argues that "sentence" should have this expansive definition because the *in pari materia* doctrine instructs us to incorporate Article 42.08 in our reading of Section 3.03. Assuming without deciding that this argument is correct, the trial court would have no discretion under Section 3.03(a) but to order a defendant's sentences, including any periods of community supervision, to run concurrently unless an exception applied. An exception would apply in this case because both of appellant's convicted offenses are enumerated in Section 3.03(b). Thus, if we were to accept the State's position, then we would affirm the trial court's stacking order under the plain terms of Section 3.03(b).[3]

---

[3] At least one other intermediate appellate court has construed Section 3.03(b) to apply to periods of community supervision, though its opinion is unpublished and has no precedential value. *See* Tex. R. App. P. 47.7(a); *Gonzalez v. State*, Nos. 04-08-00156-CR, 04-08-00157-CR, & 04-08-00158-CR, 2009 WL 222159, at *1 (Tex. App.—San Antonio Jan. 28, 2009, pet. ref'd) (mem. op., not designated for publication).

Appellant asserts that "sentence" does not have this expansive definition. He cites decisions from the Court of Criminal Appeals, which exclude community supervision from the definition of this term. Appellant directs us to *Green v. State*, wherein the court noted that community supervision (or "probation") has never been defined or regarded as a type of "punishment" or "sentence." *See* 706 S.W.2d at 656. He also cites *Speth v. State*, in which the court plainly held that "community supervision is not a sentence or even a part of a sentence." *See* 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). Rather, it is "an arrangement *in lieu of* the sentence." *Id.*

Appellant attempts to limit the application of Section 3.03(b) so that Section 3.03(a) controls instead. But if appellant is correct that Section 3.03(b) does not encompass community supervision, then appellant cannot also maintain that Section 3.03(a) is controlling. Both provisions refer to "sentences" without ever mentioning community supervision or sentences that are "suspended." We must presume that the legislature chose its words carefully, recognizing that every word in a statute was included for some purpose and that every word excluded was omitted for a purpose. *See Ex parte Santellana*, 606 S.W.2d 331, 333 (Tex. Crim. App. 1980). When two provisions contain parallel language—in this case, "sentences"—we cannot reasonably conclude that one provision applies to community supervision while the other does not. Appellant's argument is flawed to suggest otherwise.

During oral argument, appellant asserted that the legislature intended for "sentences" to have different meanings under Sections 3.03(a) and 3.03(b) because of a textual difference between the two provisions. Appellant asserted that the term was broader under Section 3.03(a) because that provision requires the sentence for each offense to be "pronounced."

The pronouncement is just the oral statement of the sentence, which must be communicated to the defendant in open court. *See* Tex. Code Crim. Proc. art. 42.03; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). We do not believe that the act of pronouncing converts a "sentence" into a broader term encompassing community supervision. If a trial court grants community supervision, the court pronounces the community supervision as a *suspension* of the sentence. *See Kesaria v. State*, 148 S.W.3d 634, 644 (Tex. App.—Houston [14th Dist.] 2004) ("[C]ommunity supervision is the suspension of the sentence received by the defendant at trial."), *aff'd*, 189 S.W.3d 279 (Tex. Crim. App. 2006). Thus, we do not construe the pronouncement language in Section 3.03(a) as providing any textual basis for expanding the meaning of "sentence."

If "sentence" does not include community supervision, as appellant vigorously argues, then we cannot perceive how Section 3.03 would ever apply to his case. By default, the trial court's authority to stack would be governed by Article 42.08.[4] Based on the language of that statute, the trial court's stacking order cannot be said to be an abuse of discretion.

---

[4] Professors Dix and Schmolesky have suggested that a trial court always has the discretion to stack periods of community supervision under Article 42.08 because community supervision is not a "sentence" within the meaning of Section 3.03. Consider their following explanation:

> May the trial court cumulate community supervision terms for multiple convictions achieved in a single criminal action? The Code of Criminal Procedure gives the court discretion to cumulate probation terms provided that the total of the terms in a felony case does not exceed 10 years. In a misdemeanor case involving at least one DWI conviction, the total of the terms cumulated may not exceed the maximum period of confinement authorized for all the offenses or four years whichever is less. In all other misdemeanor cases, the total of the terms may not exceed the maximum period of confinement for all the offenses or three years whichever is less.
> There is no reason why these same rules should not apply when multiple convictions are achieved in the same criminal action because it is the community supervision terms that are being cumulated, *not the sentences.* Therefore, if a jury in a single criminal action were to give probation for two felony convictions, the

9

**Conclusion**

We need not decide which theory is correct in this case, appellant's or the State's. Both arguments are premised on notions that ultimately lead to a conclusion that the trial court did not abuse its discretion by entering its stacking order. Therefore, we overrule appellant's sole issue and affirm the judgment of the trial court.


/s/    Tracy Christopher
           Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Publish — Tex. R. App. P. 47.2(b).

---

trial court should be authorized under these rules to make those terms concurrent or to "stack" them for a total of up to 10 years' community supervision.

George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 38:38 (3d ed. 2011) (footnotes omitted) (emphasis added).