Asad Wali KESARIA, Appellant,

v.

The STATE of Texas.

Nos. PD–1802–04, PD–1803–04.

Court of Criminal Appeals of Texas.

April 5, 2006.

Jani J. Maselli, Houston, for appellant.

Keisha Lashanne Smith, Asst. D.A., Houston, Matthew Paul, State's Attorney, Austin, for state.

WOMACK, J., delivered the opinion of the Court, in which, KELLER, P.J., and MEYERS, PRICE, KEASLER, HERVEY, and COCHRAN, JJ., joined.

The principal issue in these cases is whether, after a court suspends the imposition of two sentences that would be served concurrently because they arose from the same criminal episode, the law permits a judge to impose conditions of probation that a defendant be confined in jail for two, consecutive periods of 180 days. We hold that it does.

There also is a question of error preservation. We hold that the requirement of timely objection does not prevent this appellant from raising his complaint on appeal.

### The Previous Proceedings

In a single trial, a jury found Kesaria guilty of two burglaries that arose from the same criminal episode. One was a felony of the first degree; the other, of the second degree. In each case the jury assessed a punishment of ten years in prison and a $10,000 fine, and it recommended suspending the sentences and placing the defendant on community supervision.

The trial court entered judgments of guilt and concurrent sentences. As the jury's recommendations required,[1] the judge suspended the imposition of the sentences. He placed Kesaria on community supervision for a period of ten years in each case.

The judge imposed conditions of probation in each case. They included confinement in the county jail for a period of 180 days, which is the longest period permitted by the statute.[2] The judge ordered that the confinement in one case begin on a certain day, and that on the 180th day of that confinement, the 180–day confinement in the other case begin.[3] The result would be a total confinement in the county jail of 359 days. (Another condition implied that

there should be a total of 360 days' confinement; the difference of one day is not material to our decision).

Kesaria appealed. He argued that the trial judge's imposition of consecutive periods of confinement totaling more than 180 days as conditions of his probations violated Section 3.03(a) of the Penal Code, which says, "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action ... the sentences shall run concurrently."

The Fourteenth Court of Appeals overruled the appellant's complaint. It held that community supervision is not part of a sentence, but rather a suspension of a sentence, and thus not governed by Section 3.03(a).[4] Alternatively, the Court held that, by not objecting at the time the conditions were imposed by the trial judge, the appellant waived any possible objection, and failed to preserve any error for review.[5]

We granted review.

### Preservation of Error

■ The appellant argues that the Fourteenth Court erred in holding that, because he failed to object to the conditions of probation at the time of their imposition, and instead raised his objection for the first time on appeal, he failed to preserve this complaint for appeal. In

---

1. See CODE CRIM. PROC., art. 42.12, § 4(a) ("A judge shall suspend the imposition of the sentence and place the defendant on community supervision if the jury makes that recommendation in the verdict").

2. See id., § 12(a) ("If a judge having jurisdiction of a felony case requires as a condition of community supervision that the defendant submit to a period of confinement in a county jail, the period of confinement may not exceed 180 days").

3. "You are ordered to serve not less than and no more than *180* days in the Harris County Jail beginning *7–30–2003*." Conditions of Community Supervision in PD–1802–04.
   "You are ordered to serve not less than and no more than *180* days in the Harris County Jail beginning *1–25–2004*." Conditions of Community Supervision in PD–1803–04.

4. *Kesaria v. State*, 148 S.W.3d 634, 643–44 (Tex.App.-Houston [14th] 2004).

5. *Id.*, at 644.

doing so, the Fourteenth Court relied in part on our decision in *Speth v. State*,[6] in which we held that a defendant who did not object to conditions of probation at trial affirmatively accepted them and could not complain about them for the first time on appeal.[7]

A few years later, in *Rickels v. State*,[8] we distinguished a situation in which the terms of probation were modified without a hearing. "Under these circumstances, the relevant inquiry is whether the probationer was given an opportunity to object."[9] We held that the appellant in that case was not given an opportunity, and we therefore considered the merits of his arguments. The question here then, is whether the appellant in the instant case had a meaningful opportunity to object to the imposition of the 180–day sentence conditions during his trial.

The record in this case shows that, after receiving the jury's verdicts on punishment, the trial court said:

> ... I would like to visit with you in the jury room, if I could, after I'm through with this. You are welcome to stay if you wish. I'm going to pronounce punishment on Mr. Kesaria and I will set certain terms and conditions. He will be brought back tomorrow when the probation officer is here to finish that....

> [I]t's hereby the judgment of the Court, as per the verdict of the jury, that you be placed on 10 years probation and pay a $10,000 fine in Cause Nos. 955154 and 946507. You will also in each of these cases as a condition of your probation serve 180 days confinement in the Harris County Jail. You will pay restitution in an amount to be deter-

mined before we leave here today. You will also write a letter of apology to the complainants in this case. You will—in keeping with the restitution amount, you will pay for any damage done to their home, as well as anything stolen from them in these two burglaries.

You will have drug and alcohol evaluation and treatment, if necessary. You will get—do you have a GED or a high school diploma?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. You will show proof of that. You will go to anti-theft classes. And you will also attend the boot camp program.

Anything further we need to take up at this time?

[PROSECUTOR]: No, sir.

[DEFENSE ATTORNEY]: How about community service, Your Honor, will that be determined at a later date?

THE COURT: I'm not going to force him to do community service at this time. His community service to me will be done in jail.

All right. Take him back.

It is significant that the judge told the appellant that "in each of these cases" he would serve 180 days' confinement. But it is also significant that in each of these cases, the court suspended the imposition of sentence of ten years of imprisonment that would run concurrently, in compliance with Section 3.03(a) of the Penal Code. Therefore, the trial judge's use of the words "in each of these cases" did not necessarily convey that the conditions of probation would operate differently from the sentences. We also notice that at one

---

6. 6 S.W.3d 530 (Tex.Cr.App.1999).

7. *Id.*, at 534–35.

8. 108 S.W.3d 900 (Tex.Cr.App.2003).

9. *Id.*, at 902.

time the trial judge spoke of the cases severally ("You will also in each of *these cases* . . ."), and at another time, collectively ("You will write a letter of apology to the complainants in *this case*."). No other mention of the 180–day sentences was made before the trial ended. It is simply not clear from the record that the appellant or his attorney reasonably should have understood from the judge's statement that the 180–day confinements as conditions of probation were to run consecutively.

This was made clear the following day, when the appellant signed "Conditions of Community Supervision" in each case. In each case, there were twenty-one conditions. The documents were identical, with two exceptions. Paragraph 12 of each document required the appellant to pay a fine and court costs, but Paragraph 12 of one of the documents also required him to pay fees for supervision, for "laboratory," and for an identification card.

Paragraph 19 of each document ordered him to serve 180 days in jail. One said "beginning *7–30–2003* "; the other said "beginning *1–25–2004*." [10]

Also relevant is Paragraph 20 of each document, which said:

(20) You are committed to the HCCS & CD Boot Camp beginning *UPON COMPLETION OF 360 DAYS IN HARRIS COUNTY JAIL OR WHEN SPACE IS AVAILABLE*. Remain in this facility under custodial supervision and comply with all program rules, regulations, contracts and guidelines of the facility until successfully discharged or released by further order of the Court. Report to Court upon your release from Boot Camp.

There is no reporter's record of this proceeding. It is not noted on the court's docket sheets. The record does not show whether either the State or the appellant was represented by counsel; no counsel signed the conditions. The trial judge did not participate (the conditions were signed by another judge "for" the trial judge). The appellant and a "court liaison officer" also signed the conditions.

We gather, then, that the document was signed in the appellant's meeting with a community supervision officer, rather than during a hearing before the trial judge. Thus, as in *Rickels,* the appellant had no meaningful opportunity to object to these specific conditions of his probations. We therefore agree with the appellant that he did not "waive," or fail to preserve, his complaint for appellate review.

### Consecutive Conditions of Confinement

■ This appeal presents the issue of the trial judge's authority to impose two, consecutive conditions of confinement in jail for 180 days in these two probations.

The appellant contends that Section 3.03(a) of the Penal Code, which mandates concurrent sentences for multiple offenses arising out of the same criminal episode that are prosecuted in a single criminal action, should control his case. He argues that, in deciding that Article 42.12 "somehow trumps" Section 3.03(a), the Court of Appeals erred. We disagree.

As we stated in *Speth*, "The Code of Criminal Procedure defines community supervision as involving a *suspension of the sentence*. In other words, community supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence." [11] Thus, contrary to the appellant's assertions, the Fourteenth Court did not create

---

10.  See *supra,* note 3.

11.  6 S.W.3d, at 532 (emphasis in original).

any conflict between Section 3.03(a) of the Penal Code and Article 42.12 of the Code of Criminal Procedure. Section 3.03(a) applies to the trial court's discretion to cumulate *sentences* for multiple offenses adjudicated in the same trial. In the appellant's case, the two ten-year probated sentences he received from the jury were ordered to run concurrently, which fully complied with Section 3.03(a).

The appellant directs us to *Pettigrew v. State*,[12] in which a defendant had received a ten-year, probated sentence for aggravated sexual assault. Two years later, he was convicted of murder in a separate incident and sentenced to seventy-five years' imprisonment. After assessing punishment for the murder conviction, the trial court revoked the appellant's community supervision, and cumulated his ten-year sentence with his seventy-five-year sentence. Pettigrew argued that such cumulation was not permitted by the cumulation statute, Article 42.08 of the Code of Criminal Procedure.[13] We held that Article 42.08 is not so limited, and that it gave discretion to trial courts to cumulate sentences in that manner.[14] But *Pettigrew* dealt with a situation completely different from the appellant's, in which both punishments were pronounced at the same time and were ordered to run concurrently.

The limits of the trial judge's authority to impose conditions of probation are, not in Section 3.03(a) of the Penal Code or Article 42.08 of the Code of Criminal Procedure, but in Article 42.12 of the Code of Criminal Procedure. Section 11(a) of that Article says:

> The judge of the court having jurisdiction of the case shall determine the conditions of community supervision.... The judge may impose *any reasonable condition* that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. Conditions of community supervision may include, but shall not be limited to [twenty-four specified conditions].[15]

Some of the twenty-four enumerated conditions actually may be understood as limitations on the court's authority to impose conditions of those types. Others may be viewed as legislative declarations that a particular condition is reasonable.

In addition to those general declarations, special restrictions have been imposed on certain kinds of conditions. Orchiectomy may not be a condition.[16] The trial court's authority to order a defendant to make payments has been limited to payments of "fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant."[17] The court has some obligation to see that probationers attain a sixth-

---

**12.** 48 S.W.3d 769 (Tex.Cr.App.2001).

**13.** "(a) Except as provided by Sections (b) and (c) of this article [which, respectively, require a court to cumulate a sentence for an offense committed by a prison inmate and forbid a court to order sentence of confinement to begin after completion of probation], in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years...."

**14.** *Pettigrew*, 48 S.W.3d, at 772–73.

**15.** CODE CRIM. PROC. art. 42.12, § 11(a).

**16.** *Id.*, § 11(f).

**17.** *Id.*, § 11(b). See also CODE CRIM. PROC. art. 42.037 (captioned "Restitution").

grade level of educational skills, if they can.[18] The court must impose certain conditions on persons convicted of certain offenses, such as intoxicated-driving offenses,[19] "hate crimes,"[20] sexual offenses against children,[21] certain other sexual offenses,[22] certain drug offenses,[23] trash burning,[24] and abduction of children.[25]

But, in general, Article 42.12 grants broad discretion to trial judges to determine the conditions of community supervision. Section 1 of the article, which is captioned "Purpose," says:

It is the purpose of this article to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of community supervision, and the supervision of defendants placed on community supervision, in consonance with the powers assigned to the *judicial* branch of this government by the Constitution of Texas. It is the purpose of this article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of community supervision in the public interest.

Section 12(a) of Article 42.12 authorizes a judge with jurisdiction of a felony case to require a defendant who has been convicted to submit to a period of confinement in a county jail not to exceed 180 days, even when a jury has recommended probation. There is a statutory limit on that authority; Section 12(b) says that, when the judge also requires a defendant to serve a term in a community corrections facility, the total time served in such a facility and in a jail may not exceed 24 months. Nothing else in the article limits the judge's authority to require confinement in jail for each offense of which a defendant is convicted.

If Section 12(a) authorizes a condition of confinement of jail for up to 180 days for a probationer who has been convicted in a felony case, as it clearly does, we cannot say that the authority of the statute is exceeded by another such condition of probation for a probationer who has been convicted in another felony case. A decision that more convictions result in more confinement is consonant with the policy of the criminal law.

The appellant also argues, "The probations could not be stacked. Their conditions, obviously, are not subject to stacking."[26] If, by "stacked," the appellant means that the ten-year periods of probation could not made consecutive, a statute supports his argument.[27] But this does not mean that the combined conditions of probation in two cases could not have a more onerous effect than the conditions in one case.

Finding no limitation on the judge's authority in the statutes, and not having been presented with any questions of constitutionality, we uphold the trial judge's decision.

We affirm the judgment of the Court of Appeals.

---

18. *See* CODE CRIM. PROC. art. 42.12, § 11(c).

19. *Id.,* § 13.

20. *Id.,* § 13A.

21. *Id.,* § 13B.

22. *Id.,* §§ 11(e) & 19(e).

23. *Id.,* § 15(c)(2) & (3).

24. *Id.,* § 16(e).

25. CODE CRIM. PROC. art. 42.0371.

26. Brief, at 12–13 (emphasis omitted).

27. *See* CODE CRIM. PROC. art. 42.08(a) ("the cumulated total of suspended sentences in felony cases shall not exceed 10 years").

HOLCOMB, J., concurred in the judgment.

JOHNSON, J., dissented.