COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-123-CR

SHIRLEY GARCIA SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This case presents a new twist on an old schoolyard rhyme: Cast iron skillets may break my bones, but names will earn you jail time.  The trial court convicted Appellant Shirley Garcia Smith of assault-bodily injury for striking the complainant, Krista Daniels, with a cast iron skillet and sentenced her to a year in the county jail, probated for two years, a $1,000 fine, and 120 hours of community service.  As a condition of community supervision, the trial court ordered Appellant to serve ten days in jail for calling Daniels names.  In her sole point on appeal, Appellant argues that the ten-days-in-jail condition of community supervision is impermissible punishment for uncharged conduct.  We affirm.

Background

On April 27, 2005, Krista Daniels was driving home after visiting her husband at the hospital.  As she drove home, she observed a black Volvo being driven in an erratic manner, hitting the curb, speeding up, and slowing down. Daniels passed the Volvo when she had the opportunity to do so, as did several other drivers, and then drove home.  When she pulled into her driveway, the black Volvo pulled in after her, and Appellant—who was unknown to Daniels—got out and approached her.   

Daniels asked Appellant if she could help her.  Appellant began yelling, “You bitch, you bitch . . . [y]ou almost killed me.”  Daniels asked Appellant what she was talking about, and Appellant yelled, “You nigger, you nigger, you need to go back where you came from.”  Appellant then spat on Daniels.  Daniels smelled a strong odor of alcohol on Appellant’s breath.  

Daniels called 911 on her cell phone.  Meanwhile, Appellant went back to her car and released the dogs that were in her vehicle.  Daniels, who is afraid of dogs, retreated toward her own vehicle but tripped and fell.  As Daniels lay on the ground, Appellant retrieved a cast iron skillet from the Volvo, approached Daniels, and, wielding the skillet with both hands, struck her twice, once on the hand and once on the shoulder, while continuing to shout epithets. Appellant then collected her dogs, staggered back to her car, and—driving across Daniels’s grass—left the scene.     

Police arrived soon after, and Daniels gave them the license number of the black Volvo.  A week later Daniels identified Appellant in a photo lineup. Appellant was charged with assault-bodily injury, and the case was tried to the bench.  The trial court found her guilty and, when announcing its decision, said, “I want you to know personally that I’m almost ashamed of myself for the things that you said to this lady, and I believe everything she’s told me . . . .  There is absolutely no justification in any day and age for [that] kind of racial slur[] and I can’t really think of anything that personally would horrify me more . . . .”  The court sentenced Appellant to a year in the county jail, probated for two years, a $1,000 fine, and 120 hours of community service.  Finally, as a condition of community supervision, the trial court ordered Appellant to serve ten days in the county jail, stating, “[A]nd that’s really for the name calling.” 

Discussion

Appellant argues that the trial court erred by ordering her to serve ten days in jail as a condition of community supervision because the jail time was punishment  for an uncharged offense, the use of racial slurs.  Appellant did not object during trial to the additional ten days of confinement, but argues that no objection was required because the error is fundamental.  
See Mendez v. State
, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004) (noting that fundamental errors may be raised for the first time on appeal)
.

In general, article 42.12 grants broad discretion to trial judges to determine the conditions of community supervision.  
Kesaria v. State
, 189 S.W.3d 279, 284 (Tex. Crim. App. 2006); 
Tex. Code Crim. Proc. Ann
. art. 42.12 (Vernon Supp. 2006).  
A complaint regarding a condition of community supervision must be raised at the time the condition is imposed, or it is forfeited. 
 Speth v. State,
 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000); 
see also
 
Tex. R. App. P
. 33.1(a)(1)
.  But the probationer must be given a reasonable opportunity to object to the imposition of the condition.  
Kesaria
, 189 S.W.3d at 282.

The record reflects that the trial court imposed the ten-day jail term as a condition of community supervision in open court while Appellant and her attorney were present; thus, Appellant had a reasonable opportunity to object to the condition.  
See id.
  But Appellant did not object; therefore, she forfeited her complaint.  
See Speth
, 
6 S.W.3d at 534-35.  
We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 1, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.