COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-123-CR

 

 

SHIRLEY GARCIA SMITH                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This case presents a new
twist on an old schoolyard rhyme: Cast iron skillets may break my bones, but
names will earn you jail time.  The trial
court convicted Appellant Shirley Garcia Smith of assault-bodily injury for
striking the complainant, Krista Daniels, with a cast iron skillet and
sentenced her to a year in the county jail, probated for two years, a $1,000
fine, and 120 hours of community service. 
As a condition of community supervision, the trial court ordered
Appellant to serve ten days in jail for calling Daniels names.  In her sole point on appeal, Appellant argues
that the ten-days-in-jail condition of community supervision is impermissible
punishment for uncharged conduct.  We
affirm.

Background

On April 27, 2005, Krista
Daniels was driving home after visiting her husband at the hospital.  As she drove home, she observed a black Volvo
being driven in an erratic manner, hitting the curb, speeding up, and slowing
down. Daniels passed the Volvo when she had the opportunity to do so, as did
several other drivers, and then drove home. 
When she pulled into her driveway, the black Volvo pulled in after her,
and AppellantCwho was
unknown to DanielsCgot out and
approached her.   

Daniels asked Appellant if
she could help her.  Appellant began
yelling, AYou bitch,
you bitch . . . [y]ou almost killed me.@  Daniels asked Appellant what
she was talking about, and Appellant yelled, AYou nigger, you nigger, you need to go back where you came from.@  Appellant then spat on
Daniels.  Daniels smelled a strong odor
of alcohol on Appellant=s
breath.  








Daniels called 911 on her
cell phone.  Meanwhile, Appellant went
back to her car and released the dogs that were in her vehicle.  Daniels, who is afraid of dogs, retreated
toward her own vehicle but tripped and fell. 
As Daniels lay on the ground, Appellant retrieved a cast iron skillet
from the Volvo, approached Daniels, and, wielding the skillet with both hands,
struck her twice, once on the hand and once on the shoulder, while continuing
to shout epithets. Appellant then collected her dogs, staggered back to her
car, andCdriving across Daniels=s grassCleft the
scene.     

Police arrived soon after,
and Daniels gave them the license number of the black Volvo.  A week later Daniels identified Appellant in
a photo lineup. Appellant was charged with assault-bodily injury, and the case
was tried to the bench.  The trial court
found her guilty and, when announcing its decision, said, AI want you to know personally that I=m almost ashamed of myself for the things that you said to this lady,
and I believe everything she=s told me . . . .  There is
absolutely no justification in any day and age for [that] kind of racial slur[]
and I can=t really
think of anything that personally would horrify me more . . . .@  The court sentenced Appellant
to a year in the county jail, probated for two years, a $1,000 fine, and 120
hours of community service.  Finally, as
a condition of community supervision, the trial court ordered Appellant to
serve ten days in the county jail, stating, A[A]nd that=s really for
the name calling.@ 

 

 








Discussion

Appellant argues that the
trial court erred by ordering her to serve ten days in jail as a condition of
community supervision because the jail time was punishment  for an uncharged offense, the use of racial
slurs.  Appellant did not object during
trial to the additional ten days of confinement, but argues that no objection
was required because the error is fundamental. 
See Mendez v. State, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004) (noting
that fundamental errors may be raised for the first time on appeal).

In general, article 42.12
grants broad discretion to trial judges to determine the conditions of
community supervision.  Kesaria v. State,
189 S.W.3d 279, 284 (Tex. Crim. App. 2006); Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2006).  A complaint regarding a condition of
community supervision must be raised at the time the condition is imposed, or
it is forfeited.  Speth v. State,
6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1088
(2000); see also Tex. R. App. P.
33.1(a)(1). 
But the probationer must be given a reasonable opportunity to object to
the imposition of the condition.  Kesaria,
189 S.W.3d at 282.








The record reflects that the
trial court imposed the ten-day jail term as a condition of community
supervision in open court while Appellant and her attorney were present; thus,
Appellant had a reasonable opportunity to object to the condition.  See id.  But Appellant did not object; therefore, she
forfeited her complaint.  See Speth,
6
S.W.3d at 534-35.  We overrule Appellant=s sole point and
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, HOLMAN, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 1, 2007

 











[1]See Tex. R. App. P. 47.4.