**Affirmed and Memorandum Opinion filed July 25, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00938-CR

**HUNG XUAN TRAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1381395**

## M E M O R A N D U M    O P I N I O N

Appellant Hung Xuan Tran was convicted of murder and sentenced to life imprisonment. *See* Tex. Penal Code Ann. § 19.02(b) (West 2011). He appeals his conviction in two issues. In his first issue, appellant argues the trial court abused its discretion when it admitted a 911 call made by appellant's sister over his hearsay objection. We conclude the trial court did not abuse its discretion in admitting the 911 call because it was not outside the zone of reasonable disagreement to conclude

the sister's statement was an excited utterance.

In his second issue, appellant argues the trial court erred in denying his motion for new trial because admitting the 911 call violated his federal constitutional right to confront witnesses against him. We do not address the merits of this issue because it was not preserved for our review. We affirm.

## BACKGROUND

Appellant's sister called 911 on March 18, 2013, and said that appellant had called and told her "he needs an ambulance," and "there was an accident" and "she's hurt." The sister told the 911 dispatcher "he said she's not awake, but she's breathing." The sister gave appellant's address but said she was not there. When paramedics arrived at the house, they had to force their way inside because no one answered the door. Inside the house, a paramedic found the complainant— appellant's wife—dead on the couch. The complainant had been deceased long enough for her body to start decomposing and the blood to have dried. The medical examiner determined her death was a homicide caused by a single close-range gunshot to her chest.

A neighbor reported she saw appellant acting strangely outside of the house in the early morning hours of March 17, 2013. Appellant was found and arrested in Mississippi a few days after the complainant's body was discovered. When he was arrested, he had the complainant's purse and phone.

The bullet recovered from the complainant's chest was a .40 caliber bullet. In the house, investigators found unfired .40 caliber cartridges. Appellant's phone was seized when he was arrested, and investigators found a photo on the phone of a .40 caliber Taurus pistol and another pistol.

There was testimony at trial that the complainant and appellant had a violent

2

relationship. Witnesses testified the complainant had plans to move to California with the couple's children to be closer to her family.

A jury convicted appellant of murder. This appeal followed.

Both of appellant's issues center on the 911 call made by appellant's sister. First, appellant argues the trial court erred in admitting his sister's statement because it did not fall within a hearsay exception. Second, appellant argues admitting the 911 call violated his federal constitutional right to confront witnesses against him because his sister did not testify at trial.

**I.     The trial court did not abuse its discretion in admitting the 911 call over appellant's hearsay objection.**

**A.     Standard of review and applicable law**

We review a trial court's decision to admit evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Under an abuse of discretion standard, we should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement. *Id.*

Hearsay is a statement made outside of court offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is inadmissible unless it falls within an exception under the rules of evidence. Tex. R. Evid. 802. One of those exceptions is an excited utterance. Tex. R. Evid. 803(2).

An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Tex. R. Evid. 803(2). There are three requirements for a statement to be an excited utterance: "(1) the statement must be the product of a startling occurrence that produces a state of nervous excitement in the declarant and renders the utterance spontaneous; (2) the

state of excitement must still so dominate the declarant's mind that there is no time or opportunity to contrive or misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it." *Kesaria v. State*, 148 S.W.3d 634, 642 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 189 S.W.3d 279 (Tex. Crim. App. 2006). The critical determination is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the startling occurrence when the statement was made. *Id.* Generally, a trial court may rely on the contents of the statement itself, along with the declarant's appearance, behavior, and condition, to determine the occurrence of an exciting event and the declarant's personal perception of it. *Ross v. State*, 154 S.W.3d 804, 809 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

The excited utterance exception under the Texas Rules of Evidence is worded exactly the same as the exception under the Federal Rules of Evidence. *Compare* Tex. R. Evid. 803(2) *with* Fed. R. Evid. 803(2). Under the federal rules, hearsay declarants, like witnesses, are required to have personal knowledge of the matter the statement is offered to prove. *See* Fed. R. Evid. 803 advisory committee's notes; *Brown v. Keane*, 355 F.3d 82, 90 (2d Cir. 2004) (anonymous 911 call describing a man that matched defendant as the shooter was not admissible because prosecution failed to show caller saw who shot the gun). At least one Texas court has concluded, however, that personal knowledge is not required. *Allen v. State*, No. 06–98–00316–CR, 1999 WL 356096, at *1 (Tex. App.—Texarkana June 4, 1999, pet. ref'd) (mem. op., not designated for publication) (911 call from defendant's mother stating there were gunshots outside her house admissible as an excited utterance even though she had no personal knowledge of the gunshots). We need not resolve this disagreement here because, as explained below, we conclude that appellant's sister had personal knowledge of his statements.

4

Multiple layers of hearsay are admissible if each layer falls within an exception. Tex. R. Evid. 805. The hearsay-within-hearsay problem most commonly arises when a business record contains a hearsay statement made by someone outside of an organization who had no "business duty" to report. *Stapleton v. State*, 868 S.W.2d 781, 784 (Tex. Crim. App. 1993). The hearsay statement within the business record is inadmissible for its truth unless it falls within an exception. *Id.* A 911 call can present a hearsay-within-hearsay problem because it is a business record that contains a statement by a person with no business duty to report. *Id.*

**B.     The trial court reasonably could have concluded that the sister's statements were excited utterances.**

Appellant argues the trial court erred in admitting the recording of the 911 call because the sister's statements did not fall within a hearsay exception. His sister, appellant argues, was not at appellant's house and was reasonably calm. In addition, her statements were not a spontaneous reaction but were relaying what appellant had told her. The State argues the sister's statement was a present sense impression and an excited utterance and therefore admissible.

The 911 call contains three layers of out-of-court statements. The first layer is the recording of the 911 call itself. This layer is a business record and therefore falls within a hearsay exception. *See* Tex. R. Evid. 803(6). The second layer is the sister's statements on the call. The sister was under no business duty to report, so her statements must fall within an exception to be admissible. *See Stapleton*, 868 S.W.2d at 784. We discuss whether they fall within an exception below. The third layer is appellant's statements to his sister, which are admissions by a party opponent and therefore not hearsay. Tex. R. Evid. 801(e)(2).

Because the rule against admitting hearsay does not apply to the recording of the 911 call or appellant's statements to his sister, the remaining issue is whether the

5

sister's statements on the call fall within a hearsay exception. Having reviewed the 911 call, we conclude that the trial court's ruling admitting the recording was within the zone of reasonable disagreement based on the excited utterance exception. Given the content of the sister's statements and the quick pace of her speech, the trial court reasonably could have concluded that appellant's statements to her were startling and that she was dominated by emotion when she made the call. *See Ross*, 154 S.W.3d at 809. In addition, the trial court reasonably could have concluded that the sister's statements to 911 were offered to prove what appellant said to her, not that the complainant was hurt. The sister had personal knowledge of what appellant said to her. *See* Fed. R. Evid. 803 advisory committee's notes. Accordingly, we hold that the trial court did not abuse its discretion in admitting the recording, and we overrule appellant's first issue.

**II.     The trial court did not err in denying appellant's motion for new trial because his Confrontation Clause complaint was not preserved.**

In his second issue, appellant argues the trial court erred in denying his motion for new trial because admitting the 911 call made by appellant's sister, who did not testify at trial, violated constitutional rights to confront witnesses against him. *See Crawford v. Washington*, 541 U.S. 36 (2004). We conclude appellant did not preserve this complaint for our review.

To preserve error on Confrontation Clause grounds, a defendant must object at trial as soon as the basis for that objection becomes apparent. Tex. R. App. P. 33.1; *Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Prince v. State*, 192 S.W.3d 49, 58 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). A hearsay objection does not preserve error on Confrontation Clause grounds. *Prince*, 192 S.W.3d at 58. A Confrontation Clause complaint raised for the first time in a motion for new trial is untimely and will not preserve error.

*Courson v. State*, 160 S.W.3d 125, 128–29 (Tex. App.—Fort Worth 2005, no pet.).

The record does not reflect that appellant objected to the 911 call on Confrontation Clause grounds in his motion to suppress, at the motion to suppress hearing, or when the 911 call was admitted into evidence. Rather, each objection was based on hearsay. Appellant raised a Confrontation Clause complaint for the first time in his motion for new trial. Because appellant did not timely preserve this complaint, the trial court did not abuse its discretion in denying his motion for new trial. *Id.* We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

/s/    J. Brett Busby
Justice

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

7