**Affirmed and Memorandum Opinion filed August 14, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00407-CR

## EX PARTE JOSE ISABEL HERNANDEZ, Appellant

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 15-05-15242A**

## MEMORANDUM OPINION

Appellant Jose Isabel Hernandez appeals the trial court's denial of his post-conviction application for writ of habeas corpus, arguing that he was denied effective assistance of counsel because his plea counsel failed to (1) thoroughly investigate his case; and (2) properly apprise him of the immigration consequences of his guilty plea. For the reasons below, we affirm.

### BACKGROUND

Appellant is a Mexican citizen and permanent legal resident of the United States. Appellant has lived in the United States since 1989.

Appellant was indicted for indecency with a child, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2017). Appellant hired attorney James Rivera as defense counsel. Appellant pleaded guilty to the charge in November 2016. The trial court deferred a finding of guilt and placed appellant on community supervision for five years.

After beginning probation, appellant was detained by Immigration Customs and Enforcement ("ICE") and deportation proceedings were initiated. Represented by new counsel, appellant filed an application for writ of habeas corpus asserting that his November 2016 guilty plea was not made knowingly and voluntarily because Rivera failed to (1) investigate two witnesses that allegedly heard complainant recant her allegations; and (2) inform appellant that pleading guilty would render him automatically eligible for deportation. Attached as exhibits to the habeas application were affidavits from appellant and appellant's friend Maria Mendellin; a transcript of the November 2016 plea hearing; and a document entitled "Felony Admonitions to the Defendant" signed by appellant at the plea hearing. The trial court held a hearing on appellant's habeas application in April 2017.

In relevant part, appellant's affidavit states as follows.

8.  Attorney James Rivera never informed me that I could or likely would be deported if I took a plea of guilty and obtained deferred adjudication in this case. He did not explain that a deferred adjudication was the same as a conviction for immigration purposes. He did not explain that I would lose many rights in immigration court due to this plea (the right to obtain bond or to apply for Withholding of Removal, for example). Attorney James Rivera only explained the sex offender registry requirements and the probation period, but never said anything about my legal permanent residency being revoked or threatened.

9.  I would never have plead[ed] guilty if I had known my legal permanent status was in jeopardy. Had Attorney James Rivera given me the information I now know (that deportation is not only possible, but very likely with this charge and that even a deferred adjudication counts as

2

> a conviction for immigration purposes), I would have continued to fight my case.

Mendellin, appellant's friend, was present at all of appellant's meetings with Rivera. With respect to the immigration consequences of appellant's plea, Mendellin's affidavit states:

> I can also attest to the advice the attorney James Rivera gave [appellant] regarding immigration consequences of taking a guilty plea. James Rivera never told [appellant] that he could or likely would be deported if he took a plea of guilty and obtained deferred adjudication. He explained about the sex offender registry and the probation period, but never mentioned anything about [appellant's] legal permanent residency being revoked or threatened.

In their affidavits, appellant and Mendellin also assert that they informed Rivera of two witnesses who heard complainant recant her allegations against appellant. Appellant and Mendellin state that Rivera did not investigate or follow up with these witnesses.

At the hearing on appellant's habeas application, the State submitted as an exhibit an affidavit from Rivera. With respect to the immigration consequences of appellant's plea, Rivera's affidavit states:

> [Appellant] knew how extremely serious this crime was and that it would affect his immigration status since he was not a United States citizen. Child sex crimes are universally serious prosecutions. All defendants, especially new immigration clients, know the gravity of these cases. The record supports the extent to which [appellant] was advised. First, the "Felony Admonishments" document, paragraph 4, note[s] his immigration status was discussed in detail. Second, the plea hearing transcript reflects clearly that a Spanish speaking interpreter/translator — attorney, Mr. Robert Cardenas, discussed preliminary matters in private and at the bench. That record reflects that we discussed immigration consequences and that [appellant] was given ample opportunity to consider all his options.

Rivera's affidavit also addresses appellant's and Mendellin's contention that he failed to investigate two witnesses with information favorable to appellant's case. Rivera asserts that he asked Mendellin "about how approachable [the witnesses] would be" and "whether [they] would accept [Rivera's] call." Rivera's affidavit states:

> [Mendellin] advised [that one witness] would likely be hostile to talking about it with her and I, and even an investigator from my office. In my experience with these circumstances, calls from the defense many times embolden these witnesses and make defense of the client more difficult. At the time, my call was to leave a potentially hostile [witness] alone, wait for trial, and establish weaknesses in the prosecution's case through cross-examination.

The trial court signed an order denying appellant's application for writ of habeas corpus on April 25, 2017. In separately filed findings of fact and conclusions of law, the trial court found that Rivera "was diligent in his investigation and preparation of [appellant's] case" and that appellant "was adequately and properly advised of the immigration implications relating to his entry of a plea of guilty in the underlying criminal case." The trial court concluded that appellant received effective assistance of counsel during the plea-bargaining process. Appellant timely appealed.

## STANDARD OF REVIEW

We review a court's decision on an application for writ of habeas corpus for abuse of discretion. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Roberts*, 494 S.W.3d 771, 774 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). An applicant seeking post-conviction habeas relief bears the burden of establishing entitlement to such relief by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

Our analysis considers the evidence attached to appellant's habeas application as well as the evidence introduced at the habeas hearing. *See Ex parte Fassi*, 388

4

S.W.3d 881, 887 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We review the evidence in the light most favorable to the habeas court's ruling "regardless of whether the court's findings are implied or explicit, or based on affidavits or live testimony." *Id*. at 886. We afford almost total deference to the habeas court's determination of historical facts that are supported by the record and afford the same deference to the court's application of law to the facts if resolution of those issues requires an evaluation of credibility and demeanor. *Ex parte Legrand*, 291 S.W.3d 31, 35-36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). We review *de novo* the habeas court's application of legal standards. *Fassi*, 388 S.W.3d at 886. We will uphold the habeas court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

### ANALYSIS

Appellant asserts that he received ineffective assistance of counsel during the plea-bargaining process because Rivera failed to (1) investigate two witnesses that allegedly heard complainant recant her allegations; and (2) advise appellant that pleading guilty would render him automatically eligible for deportation. The State "elected not to file a brief" in this matter and otherwise did not respond to appellant's arguments on appeal. The State "concurs with [appellant's] Statement of the Case and Statement of Facts and awaits the court's decision on the issues presented." *See Little v. State*, 246 S.W.3d 391, 398 (Tex. App.—Amarillo 2008, no pet.) ("The State's failure to file a brief . . . makes the job of this Court considerably more time consuming and difficult.").

Intermediate appellate courts have held that, when the State elects not to file a brief, the court should conduct an independent analysis of the merits of the appellant's claim of error limited to the arguments raised by the State in the trial

5

court.  *See id*.; *Siverand v. State*, 89 S.W.3d 216, 219-20 (Tex. App.—Corpus Christi 2002, no pet.).  At the hearing on appellant's habeas application, the State argued that appellant received effective assistance of counsel and asserted:

> [U]ltimately what has happened here is that [appellant] was cognizant of the risk of a very lengthy prison sentence, he was aware of the evidence against him, he didn't want to face the risk of lengthy imprisonment and so he saw the State's offer of a deferred adjudication probation as a way to potentially avoid incarceration knowing that there was the risk of deportation.
>
> I think what happened is he was keeping his fingers crossed that it didn't happen and then when he was picked up by Immigration, now he's — you know, now he's going back and poking his attorney in the eye and saying, "This is all your fault because you didn't do a good job."

A criminal defendant has a constitutional right to effective assistance of counsel.  *Ex parte Reedy*, 282 S.W.3d 492, 500-01 (Tex. Crim. App. 2009); *see also* U.S. Const. amend. VI; Tex. Const. art. 1, § 10.  This right extends to the plea-bargaining process.  *See Ex parte Moussazadeh*, 361 S.W.3d 684, 688-89 (Tex. Crim. App. 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

A guilty plea is valid if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *N. Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also Ex parte Fassi*, 388 S.W.3d at 886.  When an applicant for habeas relief challenges the validity of a plea and asserts that he received ineffective assistance of counsel, he must show that (1) his counsel's advice with respect to accepting the plea offer was deficient and fell below an objective standard of reasonableness; and (2) he was prejudiced and there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial.  *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 693 (1984)); *see*

6

*also Ex parte Fassi*, 388 S.W.3d at 886.

We reject appellant's ineffective assistance of counsel claim arising from Rivera's alleged failure to investigate two witnesses. We assume without deciding that Rivera failed to apprise appellant of the immigration consequences of his guilty plea and determine that appellant was not prejudiced by this alleged omission. We affirm the trial court's denial of habeas relief.

## I. Failure to Investigate

Appellant asserts that Rivera failed to investigate two witnesses that allegedly heard complainant recant her allegations against appellant. Rivera contends that he did not interview these witnesses because, in his "experience with these circumstances, calls from the defense many times embolden these witnesses and make defense of the client more difficult."

In its findings of fact, the trial court determined that Rivera "was diligent in his investigation and preparation of [appellant's] case and relating to [appellant's] entry of a plea of guilty . . . ."

As the reviewing court, we indulge a presumption that counsel's actions and advice fell within the range of reasonable professional assistance. *See Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005). Any allegation of ineffectiveness "'must be firmly founded in the record.'" *Ex parte Saenz*, 491 S.W.3d 819, 828 (Tex. Crim. App. 2016) (quoting *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)).

Counsel has a duty to make a reasonable investigation or to make a reasonable decision about why a particular investigation is unnecessary. *Salinas v. State*, 274 S.W.3d 256, 261 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). "A particular decision not to investigate must be directly assessed for reasonableness under all the

7

relevant circumstances, allotting great deference to counsel's judgments." *Id*. Error in strategy "will be considered inadequate only if counsel's actions lack any plausible basis." *Kesaria v. State*, 148 S.W.3d 634, 638 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 189 S.W.3d 279 (Tex. Crim. App. 2006).

Here, Rivera's decision against investigating the two witnesses identified by appellant and Mendellin did not lack a plausible basis. *See id*. Rivera's affidavit states that he chose not investigate these witnesses because, in his experience, it could "embolden [the witnesses] and make defense of the client more difficult." Reviewing the evidence, the trial court determined that Rivera was diligent in his investigation and preparation of appellant's case. This finding is adequately supported by the record and we defer to the trial court's determination. *See Ex parte Legrand*, 291 S.W.3d at 35-36; *see also Joseph v. State*, 367 S.W.3d 741, 744 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) ("When a defendant gives counsel reason to believe that pursuing certain investigations would be harmful, counsel's failure to pursue such investigations may not be deemed unreasonable.").

Rivera's decision not to investigate or follow up with the witnesses identified by appellant and Mendellin does not constitute ineffective assistance of counsel.

## II.     Failure to Apprise Appellant of Immigration Consequences

Appellant pleaded guilty to indecency with a child, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11. Citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), appellant asserts that Rivera's advice was deficient because Rivera never told appellant that he would be deportable upon acceptance of the guilty plea.

When the prejudice prong of the *Strickland* test is dispositive, we need only address that prong on appeal. *Ex parte Murillo*, 389 S.W.3d 922, 927 (Tex. App.— Houston [14th Dist.] 2013, no pet.); *see also My Thi Tieu*, 299 S.W.3d 216, 225

(Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

An applicant for habeas relief asserting ineffective assistance of counsel must establish a reasonable probability that, but for counsel's errors, the applicant would not have pleaded guilty and would have insisted on proceeding to trial. *Ex parte Torres*, 483 S.W.3d at 43 (citing *Strickland*, 466 U.S. at 687, 693). To show prejudice, an applicant "'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Ex parte Fassi*, 388 S.W.3d at 887 (quoting *Padilla*, 559 U.S. at 372). Prejudice is analyzed on a case-by-case basis in light of the circumstances surrounding the plea as well as the gravity of the alleged failure. *Ex Parte Murillo*, 389 S.W.3d at 928. "We review the ultimate question of prejudice under *Strickland* de novo, giving deference to any underlying historical fact determinations by the habeas court." *Id*. at 927.

The trial court did not issue any findings of fact or conclusions of law specifically relating to *Strickland*'s prejudice prong but focused its decision on counsel's performance. Despite the lack of findings regarding prejudice, we can uphold the trial court's denial of habeas relief based on a lack of prejudice. *See id*. at 928. We are "obligated to uphold the habeas court's judgment if it is supported by the record and was correct under any theory of law applicable to the case." *Id*. (citing *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003)).

When analyzing whether it would have been rational for an applicant to reject a plea agreement, this court has identified four factors to consider: (1) whether there is evidence of the applicant's guilt; (2) whether the applicant had any factual or legal defenses; (3) whether immigration status was the applicant's primary concern; and (4) how the plea deal compared to the penalties risked at trial. *Id*. at 928-30. We

9

address these factors in turn and conclude that appellant has not established prejudice based on the asserted failure to comply with *Padilla*'s standards.

## A.    Evidence of Appellant's Guilt

"One of the key circumstances courts consider when determining whether a decision to reject a plea bargain would have been a rational one is the strength of the State's case or evidence of the applicant's guilt." *Id*. at 928. This factor weighs against a finding of prejudice when the record contains evidence of the applicant's guilt. *See id*. (no prejudice when evidence in the record indicated the State "would have had a strong case against applicant"); *see also Ex Parte Avila*, No. 14-14-00598-CR, 2015 WL 1247271, at *4 (Tex. App.—Houston [14th Dist.] April 6, 2016, pet. ref'd) (mem. op., not designated for publication) (no prejudice when record contained "undisputed evidence" of applicant's guilt); *Ex parte Fassi*, 388 S.W.3d at 888 (no prejudice when record contained "overwhelming" evidence of applicant's guilt).

At the habeas hearing, appellant's counsel described the proceeding as "a he said/she said type of case" and stated that:

> There was no physical evidence. There was no confession by [appellant]. There was no other evidence essentially than the [complainant's] claim that [appellant] had improperly touched her.
>
> *              *              *
>
> In [appellant's] case, Judge, when there was only his word against the complaining witness, credibility is everything in — in that kind of case, Judge. There's no real physical evidence, it's only about what a jury will believe or what a judge will believe.

Counsel for the State asserted that a "forensic interview [was] conducted" and referenced "interviews that were conducted by — by the investigating agency."

Statements from the complainant are sufficient to support a conviction for

10

indecency with a child. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2017); s*ee also Martin v. State*, No. 14-17-00346-CR, 2018 WL 2050417, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2018, no pet. h.) (mem. op., not designated for publication) ("complainant's testimony alone" sufficient to support conviction for indecency with a child); *Van Zandt v. State*, No. 12-14-00068-CR, 2015 WL 2237118, at *2 (Tex. App.—Tyler May 13, 2015, no pet.) (mem. op., not designated for publication) (same). After the hearing on appellant's habeas application, the trial court found by a preponderance of the evidence that (1) appellant's contention "that he is actually innocent of the charges is not well founded[;]" and (2) that the evidence is "sufficient . . . beyond a reasonable doubt to find [appellant] guilty of the offense charged." These determinations find adequate support in the record and we defer to them on appeal. *See Ex parte Murillo*, 389 S.W.3d at 927; *Ex parte Legrand*, 291 S.W.3d at 35-36.

This factor weighs against a finding of prejudice.

### B.    Factual or Legal Defenses

Another key factor courts consider when analyzing the prejudice prong is whether the applicant had any defenses. *Ex parte Murillo*, 389 S.W.3d at 929. This factor weighs against a finding of prejudice when the record contains no affirmative evidence that the applicant had any factual or legal defenses to the charge. *See Ex Parte Fassi*, 388 S.W.3d at 889; *see also Ex parte Gaston*, No. 14-15-00831-CR, 2016 WL 3223730, at *4 (Tex. App.—Houston [14th Dist.] June 9, 2016, no pet.) (mem. op., not designated for publication).

Appellant attached as an exhibit to his habeas application an affidavit from Daniel Maldonado, the complainant's uncle. Maldonado's affidavit, in relevant part, states:

11

[W]e asked [complainant] directly if the allegations against [appellant] were true. She was asked if [appellant] touched her innapropriately [sic]. The little girl was stressed, crying and seemed upset. Despite the fact she was crying, I distinctly heard [complainant] say no to the question, indicating that the touching did not happen.

This factor and the evidence supporting appellant's factual defense weigh in favor of a finding of prejudice.

## C.    Immigration Status as Primary Concern

"Another circumstance courts consider when determining prejudice is whether the applicant presented evidence indicating that the immigration consequences of his plea were his 'paramount concern.'" *Ex parte Murillo*, 389 S.W.3d at 929 (quoting *Ex parte Fassi*, 388 S.W.3d at 889).

Affirming the trial court's judgment denying habeas relief, the court in *Ex parte Murillo* noted that "the record contains no evidence that applicant expressed to anyone that deportation was his primary concern or that he specifically asked plea counsel about the effect his plea would have on his immigration status." *Id*. at 930; *see also Ex parte Fassi*, 388 S.W.3d at 889 (affirming denial of habeas relief, court considered that the applicant presented no evidence he had "expressed his concern about deportation to the trial court, plea counsel, or anyone else at the time of his plea").

Conclusory statements in an applicant's affidavit generally are insufficient to show that the immigration consequences of a plea were of paramount concern to the applicant. *See Ex parte Murillo*, 389 S.W.3d at 931-32 (court affirmed judgment denying habeas relief when only evidence of prejudice "applicant's own self-serving statement that he would have insisted his counsel take his case to trial had he known he would be deported"); *see also Ex parte Sanchez*, No. 14-13-00765-CR, 2014 WL 3051278, at *5 (Tex. App.—Houston [14th Dist.] July 3, 2014, no pet.) (mem. op.,

not designated for publication) (court affirmed denial of habeas application when only evidence of prejudice was applicant's "averment that, if she had been informed of the immigration consequences, she 'would have refused to make the plea'").

Here, the only evidence indicative of appellant's concerns regarding his immigration status is the statement in his affidavit that he "would never have plead[ed] guilty if [he] had known [his] legal permanent status was in jeopardy. Had Attorney [Rivera] given me the information I now know . . . I would have continued to fight my case." This conclusory statement does not support a finding that immigration consequences were of paramount concern to appellant. *See Ex parte Murillo*, 389 S.W.3d at 931-32; *see also Ex parte Sanchez*, 2014 WL 3051278, at *5.

At the plea hearing, the trial court and Rivera questioned appellant regarding the general immigration consequences of his plea; during this questioning appellant made no indication that his immigration status was of particular concern. Moreover, the trial court asked appellant if he was waiving any right to discuss his case with an immigration attorney, to which appellant replied, "Yes." *See Ex parte Guevara*, No. 14-14-00183-CR, 2014 WL 7372812, at *4 (Tex. App.—Houston [14th Dist.] Dec. 23, 2014, no pet.) (mem. op., not designated for publication) (factor weighed against finding of prejudice when applicant was advised to consult immigration attorney but applicant never did). Because the evidence in the record does not suggest that the immigration consequences of this plea were of paramount concern, this factor weighs against a finding of prejudice. *See Ex parte Murillo*, 389 S.W.3d at 929; *Ex parte Fassi*, 388 S.W.3d at 889

## D. Plea Deal Compared to Penalties Risked at Trial

The final factor in the prejudice analysis considers the circumstances of the plea deal compared to the penalties risked by going to trial. *Ex parte Murillo*, 389

S.W.3d at 930. "Although the inquiry is not whether the applicant would have received a more favorable disposition at trial, we properly consider evidence concerning the likelihood of success at trial when determining whether it would be rational to reject the plea bargain." *Id*. We also consider whether the applicant presented evidence showing that another plea deal would have helped him avoid negative immigration consequences. *Id*.

Here, the record shows that appellant received a plea bargain of five years deferred adjudication and a $500 fine. If appellant had been found guilty, he would have had a felony conviction and his possible punishment ranged from two to 20 years in jail and a fine of up to $10,000. *See* Tex. Penal Code Ann. § 12.33 (Vernon 2011), § 21.11. Further, upon conviction, appellant could have only received community supervision from a jury. *See* Tex. Code Crim. Proc. Ann. art. 42A.054 (a)(6) (Vernon 2018). Had appellant asserted his right to trial, he faced not only the same adverse immigration consequences as those resulting from his guilty plea but also more severe penal consequences.

Appellant did not present any evidence showing that another plea deal would have helped him avoid negative immigration consequences. *See Ex parte Murillo*, 389 S.W.3d at 930. Compared to the punishment risked at trial, the plea bargain's terms were significantly more favorable. This evidence, considered together, indicates that it would not have been rational for appellant to reject the State's plea deal. *See id*. This factor weighs against a finding of prejudice.

In sum, three of the four factors analyzed above counsel against a finding of prejudice. Accordingly, the record does not support the conclusion that, but for Rivera's alleged errors, appellant would not have pleaded guilty and would have insisted on proceeding to trial. *See Ex parte Torres*, 483 S.W.3d at 43.

14

## CONCLUSION

We affirm the trial court's April 25, 2017 order denying appellant's application for writ of habeas corpus.

/s/    William J. Boyce
         Justice

Panel consists of Justices Boyce, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).